DECISION
Plaintiffs appealed Defendant's Notice of Refund Adjustment and/or Distribution for the 2009 tax year. A trial was held in this matter on June 9, 2011, in the Tax Courtroom, Salem, Oregon. Jose J. Palafox (Palafox) appeared and testified on behalf of Plaintiffs. Faith Derickson (Derickson), Tax Auditor, appeared and testified on behalf of Defendant. Plaintiffs' Exhibits 1, 2, 3, 4, 5, and 6 as well as Defendant's Exhibits A, B, and C were offered and received without objection. The record closed on June 9, 2011.
 I. STATEMENT OF FACTS
Plaintiffs request that their parents, Ruben and Ramona, both of whom live in Mexico, be allowed as dependents for the 2009 tax year. (See Ptfs' Ex 1 at 3.) Derickson testified that Plaintiffs did not provide birth certificates to establish that a qualifying relationship exists. Palafox testified that Plaintiffs provided documentation including copies of social security cards, Oregon driver licenses, and Mexican identification cards. (See Ptfs' Ex 2 at 5-6.)
Palafox testified that Plaintiffs provided total support to their parents in the amount of $5,300 during the 2009 tax year. (See Ptfs' Ex 2 at 1.) Plaintiffs provided three 2009 bank statements showing transfers totaling $800 to their parents. (Ptfs' Ex 2 at 7-9.) Plaintiffs also *Page 2 
provided a notarized statement from a friend of Plaintiffs' stating that he "was [g]iven $1,500.00 [d]ollars [b]y Jose Palafox to take to Guadalajara Mex. to give to his Dad Ruben Palafox in [August] 2009. I Cipriano Gonzalez [g]ave the money to Ruben Palafox 8-15-09[.]" (Ptfs' Ex 2 at 10-11.) Derickson testified that she accepted both the bank statements and the notarized statement of Cipriano Gonzalez and conceded that Plaintiffs substantiated $2,300 in support to their parents.
Plaintiffs provided another bank statement for the period "02-11-09 through 03-13-09" including two money transfers on "02-17," each in the amount of $1,500.00. (Ptfs' Ex 2 at 12.) Palafox testified that those transfers were to his parents in Mexico. Derickson testified, and Palafox agreed, that the transfer records do not identify Plaintiffs' parents as the recipient of those two transfers. For that reason, Derickson testified that she did not consider the statement adequate substantiation of the remaining $3,000 in support claimed by Plaintiffs.
Palafox testified that his parents' only source of income was a pension received by his father. Plaintiffs provided 12 bank statements, one for each month of 2009, indicating a deposit of 1,909.45 pesos each month.[1] (Ptfs' Ex 4.) Palafox testified that the typical exchange rate is around 13 pesos per U.S. dollar. (See Ptfs' Ex 2 at 7-9.) Palafox testified that he determined his father's 2009 pension payments totaled $1,953.30.
Plaintiffs provided a document entitled "Dependent Support Declaration for Dependents not living with Taxpayer" (declaration) that Palafox completed and signed on November 15, 2010. (Ptf's Ex 2 at 1.) The declaration states that Plaintiffs' parents' household includes two members; "total household expenses" for 2009 were $5,938; "total yearly expenses" were *Page 3 
$6,346; and "total paid by Tax payer claiming this dependent" was $5,300, or 68.75 percent[2] of total support. (Id.) The declaration also sets out specific values for expenses including $1,959.12 for "Housing Fair Rental Value for 12 Months"; $2,978.40 for "Food Expenses for 12 Months"; $800 for "Utilities Expenses for 12 Months"; $200 for "Other Expenses," including "House Maintenance" and "New Refrigerator." (Id.) Finally, the declaration indicates $408.16 (plus or minus) in "[o]ther expenses" including "medication or private doctor visits." (Id.)
Palafox testified that his parents own their home in Mexico. He testified that it is a three bedroom house with a garden and driveway; it is an older home and some repairs were necessary in 2009. Palafox testified that he determined an annual fair rental value for the home of $1,959.12 based on rents for similar nearby homes; he was not able to provide any
documentation in support of that value. Derickson testified that, because Plaintiffs' parents own their home, it should be considered part of the support that they provide for themselves rather than as an expense. She stated that, depending on the value of the home, Plaintiffs' parents likely provide more than $3,600 towards their own support.
Plaintiffs provided some documentation to support their parents' utilities expenses, including a few bills for water, electricity, gas, and telephone service. (See Ptfs' Ex 3.) Specifically, Plaintiffs provided two gas bills from 2009: one dated "07/07/09" for 452.12 pesos and the other dated "10/09/09" for 431.80 pesos. (Ptfs' Ex 3 at 1.) Plaintiffs provided two other gas bills, each dated in 2010. (Ptfs' Ex 3 at 2.) Plaintiffs also provided four electricity bills, at least two of which were from 2009, and four telephone bills, which are all dated in 2010. (Ptfs' Ex 3 at 3-9.) Derickson testified that she excluded all 2010 bills provided by Plaintiffs and that she received documentation supporting $85 in electric bills and $192 in gas bills. *Page 4 
Palafox testified that he could not provide any receipts or other documentation to support his parents' food and medical bills. He testified that Mexico is primarily a cash economy; food is purchased from markets and receipts are not provided. He testified that doctors, dentists, and other professionals also do not provide receipts or written bills for their services; payment is required up front before the service is provided. Palafox testified that he spoke with his parents to determine their food expenses and concluded them to be approximately $8.16 per day for total 2009 food expenses of $2,979. (See Ptfs' Ex 2 at 2.) Derickson testified that she did not receive any documentation proving food or medical bills. She further stated that she appreciates the differences between the U.S. and Mexican economies but, in her view, the law does not make exceptions for different business practices in other countries.
Palafox stated that his 2009 tax preparer did not tell him that he needed to provide documentation to support his parents' living expenses; rather, the preparer told him only that he needed to prove the amount of support that Plaintiffs provided to their parents. Palafox further stated that he did not understand that he needed to provide additional documents to prove his parents expenses until his appeal to this court and subsequent conversations with Derickson. Palafox expressed frustration that he was not aware of the substantiation requirements before this appeal and stated that he has been truthful in all of his communications with Defendant and this court. Derickson stated that she does not doubt Palafox's truthfulness.
Palafox expressed concern that his return might have been singled out for audit as a result of his name or race. Derickson testified in response that Defendant selects returns for audit based on computer program that analyzes the number of exemptions claimed; no consideration is given to a taxpayer's name, race, ethnicity, sex, religion, or geographic location. *Page 5 
 II. ANALYSIS
"[T]he Oregon legislature intended to make Oregon personal income tax law identical to the Internal Revenue Code * * * subject only to modifications specified in Oregon law." Voy v. Dept. of Rev., TC No 4937 (Aug 17, 2010) (citing Ormsby v. Dept. of Rev.,18 OTR 146, 151 (2004)) (internal quotation marks omitted); ORS 316.007.[3] The definition of a "dependent" is provided in Internal Revenue Code (IRC) section 152 as including a qualifying relative of the taxpayer who is a resident of a country contiguous to the United States.[4] In this case, Plaintiffs' claimed dependents live in Mexico, a qualifying contiguous country under IRC section 152.
To be a "qualifying relative" under IRC section 152(d), the individual in question must have a relationship as described in IRC section 152 (d)(2), which includes siblings, children, and parents as qualifying relations. The individual in question must not be "a qualifying child of such taxpayer or of any other taxpayer" for the tax year. IRC § 152(d)(1)(D). The individual in question must have gross income for the tax year that is less than the exemption amount of $3,650. IRC § 152(d)(1)(B) (citing
IRC § 151(d)); see also IRS Pub 501 at 12 (Dec 2009),available at
http://www.irs.gov/pub/irs-prior/p501 — 209.pdf. Finally, the taxpayer must provide more than one-half of the total support for the individual in question for the tax year.Id. at (d)(1)(C).
In order to prove that the taxpayer provides over one-half of the individual in question's support, the taxpayer must prove the following: the amount of support the taxpayer provided to the individual in question; the individual in question's total household expenses for the year; any income earned by the individual in question or other household members; and whether anyone *Page 6 
else furnished funds to the individual in question's household. Applicable treasury regulations state information that must be considered to determine if an individual is a dependent:
 "(2)(i) For purposes of determining whether or not an individual received, for a given calendar year, over half of his support from the taxpayer, there shall be taken into account the amount of support received from the taxpayer as compared to the entire amount of support which the individual received from all sources, including support which the individual himself supplied. The term `support' includes food, shelter, clothing, medical and dental care, education, and the like. Generally, the amount of an item of support will be the amount of expense incurred by the one furnishing such item. If the item of support furnished an individual is in the form of property or lodging, it will be necessary to measure the amount of such item of support in terms of its fair market value.
 "(ii) In computing the amount which is contributed for the support of an individual, there must be included any amount which is contributed by such individual for his own support, including income which is ordinarily excludable from gross income, such as benefits received under the Social Security Act."
Treas Reg § 1.152-1 (2001).
ORS 305.427 places the burden of proof upon the party seeking affirmative relief before the tax court and a preponderance of the evidence is required to sustain the burden of proof. The Oregon Supreme Court has stated that a preponderance of the evidence is "generally accepted to mean the greater weight of evidence."Riley Hill General Contractor v. Tandy Corp.,303 Or 390, 394, 737 P2d 595 (1987). In this case, Plaintiffs seek affirmative relief and therefore bear the burden of proof. In order to prevail, Plaintiffs must establish all the elements of their case by a preponderance of the evidence. Written documentation is typically necessary to prove claimed expenses by a preponderance of the evidence. See, e.g., Gutierrez v. Dept. of Rev., TC-MD No 100160D at 2-3 (Oct 21, 2010) (without written documentation the court was unable to find that the taxpayer was entitled to her claimed dependents).
Palafox testified that he provided support to his parents totaling $5,300 during the 2009 tax year. The court found Palafox's testimony to be credible. However, Palafox was able to *Page 7 
provide documentation supporting only $2,300 of that amount; Plaintiffs provided three bank statements showing transfers totaling $800 to Plaintiffs' parents and a notarized statement swearing delivery of $1,500 to Plaintiffs' parents. Derickson testified that Defendant accepts those documents as adequate substantiation of $2,300 of support. Palafox did not provide documents proving that the remaining $3,000 of support claimed was sent to Plaintiffs' parents. Palafox provided bank statements indicating two money transfers totaling $1,500 each and testified that those transfers were to Plaintiffs' parents in Mexico. However, Palafox conceded that those transfer records do not identify Plaintiffs' parents as the recipient of those transfers.
Plaintiffs estimated their parents' total yearly expenses to have been $6,346 in 2009. Plaintiffs provided some utility receipts from 2009 and 2010. Plaintiffs provided an estimate of food and medical expenses for their parents, but they provided no receipts or other documentation concerning those expenses. The court does not doubt Palafox's testimony concerning business practices in Mexico that differ from those in the United States, such as the predominant use of cash to purchase food and medical services. However, Oregon tax law requires taxpayers to prove their claimed dependent exemptions by a preponderance of the evidence. Plaintiffs have not established their parents' household expenses by a preponderance of the evidence.
It is also not clear to the court what amount of support Plaintiffs' parents provided for themselves. Palafox testified that Plaintiffs' parents own their home and that his father receives a pension. Palafox determined the amount of his father's pension to be $1,953.30 for 2009. He estimated the value of his parents' home to be $1,959.12. If the court accepts those values, Plaintiffs' parents contribute at least $3,912.42 to their own support. That is more than half of *Page 8 
the total 2009 expenses that Plaintiffs estimated for their parents, $6,346, which includes Plaintiffs' estimated value of their parents' home.
The court finds that Plaintiffs' have not established by a preponderance of the evidence the amount of their parents' 2009 household expenses or the amount of support that their parents provided for themselves in 2009. Furthermore, the figures and estimates provided by Plaintiffs suggest that their parents provided over half of their own support in 2009. The court finds that Plaintiffs' parents do not meet the requirements of "qualifying relatives" under IRC section 152(d) and cannot be claimed as dependents in 2009. The court does not question Palafox's honesty or credibility, but the court finds that Plaintiffs have failed to carry the burden of proof.
 III. CONCLUSION
After carefully considering the evidence and testimony presented, the court concludes that, for the 2009 tax year, Plaintiffs have not established by a preponderance of the evidence that they provided more than one half of the total support for their claimed dependents. Plaintiffs' appeal must be denied. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiffs' appeal is denied.
Dated this ___ day of October 2011.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This document was signed by Magistrate Pro Tempore Allison R.Boomer on October 25, 2011. The Court filed and entered thisdocument on October 25, 2011.
[1] The bank statements are written in Spanish, but Palafox testified that the deposits shown are his father's pension payments. The statement dates and deposit amounts are clearly stated. (See Ptfs' Ex 4.)
[2] 68.75 percent is Plaintiffs' calculation for "% Paid by taxpayer claiming dependent."
[3] All references to the Oregon Revised Statutes (ORS) are to 2007.
[4] All references to the IRC and accompanying regulations are to the 1986 code, and include updates applicable to 2008. *Page 1